# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

RANDY RODGERS,                    )      3:07-CV-00619-RAM
                                  )
        Plaintiff,             )      **MEMORANDUM  DECISION**
                                  )          **AND ORDER**
    vs.                          )
                                  )
TRAVELERS PROPERTY CASUALTY       )
COMPANY OF AMERICA, and Does      )
1-10, inclusive,                  )
                                  )
        Defendants.            )
_____   )

Before the court is Plaintiff Randy Rodgers' Motion for Remand (Doc. #8). Defendant Travelers Property Casualty Company of America opposed the motion (Doc. #11) and Plaintiff replied (Doc. #12).

## I. BACKGROUND

On October 12, 2007, Plaintiff filed a Complaint against Defendant in the Second Judicial District Court for the State of Nevada (Doc. #8 at 2). On November 14, 2007, Plaintiff filed a First Amended Complaint in the Second Judicial District Court for the State of Nevada (Doc. #1 at 6). In his amended complaint, Plaintiff alleges that, on or about October 24, 2005, while operating his vehicle, he was struck by another vehicle due to the other driver's negligence (*Id.* at 7). Plaintiff suffered injuries as a result of the collision; however, the other driver did not have an auto insurance policy (*Id.*).

In his First Claim for Relief, Plaintiff alleges he is entitled to uninsured motorists (UM) coverage in an amount in excess of $10,000 due to the extent of his injuries sustained in the accident (*Id.* at 7). In his Second Claim for Relief, Plaintiff alleges Defendant violated its duty

of good faith and fair dealing because Defendant failed to respond to any of Plaintiff's settlement requests and said duty is implied in Plaintiff's insurance policy with Defendant (Doc. #1 at 8).  Plaintiff further alleges Defendant acted unreasonably and wrongfully in handling Plaintiff's claim for UM coverage entitling Plaintiff to damages in excess of $10,000 (*Id.* at 9).

Plaintiff requests the following relief: 1) general, special and extra-contractual damages in an amount in excess of $10,000; 2) exemplary and punitive damages in an amount in excess of $10,000; 3) and reasonable attorney's fees and costs (*Id.*).

## II.   STANDARD FOR MOTION TO REMAND

Federal subject matter jurisdiction under § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). Generally speaking, if a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (strong presumption in favor of remand).

"[I]n removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], 'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (1992). The defendant must prove the existence of the amount in controversy by a preponderance of the evidence. *Id.* at 404.  Thus, "in cases where a plaintiff's state court complaint does not specify a particular amount in damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.*  "Under this burden, the defendant must provide evidence establishing that is it 'more likely than not' that the amount in controversy exceeds that amount." *Id.*

### III. DISCUSSION

Plaintiff moves the court to remand this case back to state court alleging Defendant failed to provide sufficient facts in its Notice of Removal establishing that the amount in controversy exceeds $75,000 (Doc. #8).  Thus, Plaintiff asserts this court lacks jurisdiction because Defendant's removal petition is deficient (*Id.*).

Defendant opposes remand arguing Plaintiff's complaint, which includes the required state court jurisdictional statement "in excess of $10,000", does not set the amount in controversy at $10,000 (Doc. #11 at 2-3).  Defendant further argues that Plaintiff sent Defendant a settlement demand package on September 19, 2007, listing alleged medical expenses in the amount of $61,636.38 and further requesting $375,000 in settlement (*Id.* at 3).  Defendant asserts Plaintiff has made no allegations that he received any money from the tortfeasor; thus, the full amount of Plaintiff's claim includes more than $60,000 in medical expenses (*Id.* at 3-4).  Additionally, Defendant asserts Plaintiff made a claim for punitive damages and said damages can be taken into account for determining the amount in controversy (*Id.* at 4).  Thus, Defendant argues it has demonstrated that the amount in controversy exceeds $75,000, unless Plaintiff is willing to stipulate that his claims do not exceed such amount (*Id.* at 4-5).  Defendant attaches, as an exhibit, Plaintiff's settlement demand letter requesting $375,000 to settle this suit (*Id.* at 8-9).

Plaintiff responds that the time for Defendant to prove the requisite grounds for removal was when it filed its Notice of Removal on December 17, 2007, not in its opposition to the instant motion (Doc. #12 at 2).  Plaintiff further responds that the court should not consider the settlement demand letter because Defendant did not provide such evidence to the court "in the first instance" as required under § 1441, which must be strictly construed (*Id.*).  Plaintiff asserts, in the first instance, Defendant stated in its Notice of Removal only that the insurance policy at issue has UM coverage limits of $1,000,000 and the First Amended Complaint alleges the amount in controversy is believed to be in excess of $75,000 (*Id.* at 2-3).  Thus, Plaintiff contends the court should remand the case back to state court to

send a message in similar and future cases that the time for establishing the facts for the jurisdictional amount is in the first instance with the Notice of Removal and cannot not be done later if found to be necessary (Doc. #12 at 3-4).  Plaintiff asserts any other result promotes additional and unnecessary motion practice or *sua sponte* remands (Doc. #12 at 4).

### AMENDMENT OF A PREVIOUSLY FILED NOTICE OF REMOVAL

Plaintiff does not dispute that the amount in controversy exceeds $75,000; rather, Plaintiff appears only to dispute the sufficiency of Defendant's Notice of Removal and whether Defendant can properly supplement or amend its removal notice in its opposition to the instant motion to meet its burden.

Defendant's Notice of Removal may be freely amended prior to the expiration of the initial thirty-day removal period established by § 1446. *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (allowing amendment where allegations of jurisdiction where "defective in form but not so lacking in substance as to prevent their amendment."); 28 U.S.C. § 1653.  After the thirty-day removal period, case law indicates that the notice may be amended "only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 3733 at 358 (3d ed. 1998). Construing Defendant's opposition to a motion for remand as an amendment to its notice for removal is proper. *See Willingham v. Morgan*, 395 U.S. 402, 407, n. 3 (1969); *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).

Similar to Defendant's removal notice here, in *Cohn*, the defendant's removal notice was deficient because it only summarily alleged that the amount in controversy exceeded $75,000, without alleging underlying facts to support its assertion. *Id*. at 840, n.1.  And just as Defendant did here, the defendant in *Cohn* explained, in its opposition to the plaintiff's motion to remand, that the amount in controversy was based on the plaintiff's settlement demand. *Id*.  The Ninth Circuit found that the district court did not err in construing the

4

defendant's opposition as an amendment to its removal notice. *Id*.  In so finding, the Ninth Circuit stated that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims. *Cohn*, 281 F.3d at 840 (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-430 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651, n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper."). The Ninth Circuit indicated the plaintiff could have argued the demand letter was inflated and not an honest assessment of damages; but, just as Plaintiff made no attempt here, the plaintiff in *Cohn* made no attempt to disavow his letter or offer contrary evidence. *Id*.  Thus, the Ninth Circuit found the evidence was sufficient to establish the amount in controversy.

Here, as in *Cohn*, Defendant amended his Notice of Removal by attaching Plaintiff's settlement demand letter to his opposition, which evidences that Plaintiff estimates his claims to be in excess of $75,000 and potentially $375,000.  Defendant's opposition does not offer new grounds for removal, rather it only seeks to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.

The cases cited by Plaintiff do not support the position that a defendant cannot amend a previously filed notice of removal.  Furthermore, Plaintiff's arguments – that § 1441 prohibits amendment and that the court should send a message by not considering Plaintiff's own settlement demand letter simply because Defendant did not attach it to his removal notice – are unpersuasive and expressly rejected by the Ninth Circuit.  As the Ninth Circuit previously explained, to deny amendment of a formally defective removal notice that is not lacking in substance "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional

foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Barrow Dev. Co., Inc. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (allegations in a removal notice defective in form, but not so lacking in substance, may be amended). Accordingly, for the reasons set forth above, Defendant met its burden of providing sufficient evidence establishing that is it "more likely than not" that the amount in controversy exceeds $75,000 and, therefore, the district court has diversity jurisdiction over Plaintiff's claims.

## IV. CONCLUSION

Plaintiff's Motion for Remand (Doc. #8) is **DENIED**.

DATED: August 22, 2008.

_____
UNITED STATES MAGISTRATE JUDGE